UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE RESTAURANT ZONE LLC,<br><br>      Plaintiff,<br><br>-against-<br><br>SHKELZEN ISLAMAJ, et al.,<br><br>      Defendants. | 23-CV-02595 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff's motion for default judgment is DENIED. "The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013), quoting *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 507 (2d Cir. 1991) (citations and quotation marks omitted). The Court has considered the criteria that district courts must assess in deciding whether to relieve a party from a default. Though defendant Atelier Florian LLC has yet to present a meritorious defense, this Court finds that its default was not willful and setting aside the default would not prejudice plaintiff, especially given that Atelier Florian LLC appeared in this case and opposed plaintiff's default judgment motion less than a month after that motion was filed, and less than three months after Atelier Florian LLC was served with the complaint. *See Com. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994); *see also Sea Hope Navigation*, 978 F. Supp. 2d at 341 (vacating entry of default even while assuming one of the three factors weighed in favor of default); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored … and doubts are to be resolved in favor of a trial on the merits.").

Defendants' cross motion to dismiss is also DENIED. *See* ECF No. 40. The complaint plausibly alleges that Atelier Florian LLC is a "successor" of Atelier Florian, which was a party to the Search Agreement. *See* ECF No. 16 ¶ 27. And under New York law, a successor corporation can be held liable for the contract breaches of its predecessors. *See Kretzmer v. Firesafe Prod. Corp.*, 805 N.Y.S.2d 340, 341 (2005). Defendant Atelier Florian LLC shall answer the complaint on or before **September 6, 2023**.

Finally, instead of dismissing this action as it relates to the other defendants, this Court will exercise its discretion to extend the time for service. *See* Fed. R. Civ. P. 4(m); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). If plaintiff fails to serve those defendants and provide proof of service by **August 25, 2023**, the complaint against them will be dismissed without prejudice.

The Clerk is directed to vacate the entry of default (ECF No. 28) and terminate the motion for default (ECF No. 30) and the cross motion to dismiss (ECF No. 40).

SO ORDERED.

Dated: August 17, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge